IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CONNIE D. FRALEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 13-0809-CV-W-ODS ) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

<u>ORDER AND OPINION DENYING DEFENDANT'S MOTION TO DISMISS</u>

Pending is Defendant's Motion to Dismiss, which contends the case should be dismissed because (1) Defendant is not subject to jurisdiction in Missouri and (2) this suit could only be filed in Johnson County, Kansas. The Court rejects both contentions, and the motion (Doc. # 8) is denied.

Plaintiff, a resident of Kansas, alleges she was involved in an automobile accident in Jackson County, Missouri. The other driver was an uninsured motorist. Plaintiff has automobile insurance issued by Defendant, and the policy contains uninsured motorist coverage. Plaintiff alleges Defendant has not performed its obligations under the uninsured motorist provision.

Plaintiff filed suit in state court in Johnson County, Kansas. The parties filed a Stipulation for Dismissal Without Prejudice agreeing to dismiss the suit "without prejudice to the Plaintiff bringing another cause of action on the cause of action set forth in the Plaintiff's Petition." The parties further "agreed that any discovery that has been used or has been exchanged in this case can be used and will be a part of any subsequent re-filing of this case." The Stipulation does not specify that any re-filing must occur in any particular court. Thereafter, the state judge issued an Order of Dismissal Without Prejudice dictating that the suit would "be dismissed without prejudice to the Plaintiff bringing another cause of action against the Defendant on the cause of action set forth in Plaintiff's Petition." The Order further declared "that any discovery

that has been used or has been exchanged in this case can be used and will be a part of any subsequent re-filing of this case." As with the Stipulation, the Order did not specify the forum in which any re-filing had to occur.

## A. Personal Jurisdiction

With respect to the issue of personal jurisdiction, Defendant initially went to great lengths to argue that it has not engaged in any of the acts specified in section 506.500 of the Revised Missouri Statutes. From this, Defendants conclude they cannot be subject to jurisdiction under Missouri's long arm statute and, hence, are not subject to jurisdiction in Missouri. It does not contend the Due Process Clause would be violated: its initial argument rested entirely on section 506.500 – Missouri's long-arm statute – and its argument that it could be subject to jurisdiction only if the statute were satisfied. Then – after Plaintiff's response emphasized Defendant's many contacts with this jurisdiction – Defendant's position seems to have changed. It now contends it is not ignoring the difference between general and specific jurisdiction, but that the only grounds for personal jurisdiction alleged are premised on section 506.500 – so its arguments are still viable. The Court disagrees.

First, the petition filed in Jackson County Circuit Court alleges Defendant conducts substantial business in Missouri and has sufficient contacts with Missouri such that Due Process is satisfied. Petition, ¶ 4. Second, the Missouri Supreme Court has specifically "reject[ed] [the] argument that Missouri's long-arm statute is the exclusive means of obtaining jurisdiction over a foreign corporation." State ex rel. K-Mart Corp. v. Holliger, 986 S.W.2d 165, 168 (Mo. 1999) (en banc). The court emphasized the purpose of the long-arm statute is to permit jurisdiction to the same extent as the Due Process Clause, and that general jurisdiction is permissible. The Petition adequately alleges a basis for general jurisdiction; Defendant does not oppose these allegations (and actually seems to agree it is subject to general jurisdiction in Missouri), and the Petition's reference to the long-arm statute does not affect the analysis.[1]

---

[1]Defendant presents various factual assertions that might demonstrate venue is improper, 28 U.S.C. § 1391(b)(2), or the case should be transferred to the District of

2

## B. Effect of the State Court's Dismissal

Defendant argues the filing of suit in Missouri violates the terms of the Kansas court's dismissal. Defendant seems to present three arguments. The first argument is that Order of Dismissal permitted refiling of only "the same suit," and this is a different suit because it was filed in Missouri instead of Kansas. The second argument is that this suit is barred because the dismissal did not specifically say it could be filed anywhere but in Johnson County, Kansas. Finally, Defendant contends the Kansas court's directive that evidence from the first suit can be used in a refiled case can only be enforced by that court, thereby indicating that the suit has to be refiled in Kansas. The Court rejects all of these contentions.

The first two arguments are belied by the plain language of the Order – which does not say anything about *where* the suit must be refiled. Even if the Court accepts Defendant's suggestion that this suit is "different" than the suit that was filed in Kansas simply because it was filed in Missouri – which it does not – the Order of Dismissal did not (and could not) purport to bar "other" suits. So, if this is a different suit the Order of Dismissal does not matter, and if it is the same suit filed in a different place there is no problem because the Order of Dismissal does not dictate the forum of refiling. Finally, the Court believes it is fully capable of enforcing the dismissal order's edict that discovery from the state case can be used in this one.

The Motion to Dismiss is denied.

IT IS SO ORDERED.

                                                   /s/ Ortrie D. Smith
                                                   ORTRIE D. SMITH, SENIOR JUDGE
DATE: September 16, 2013                     UNITED STATES DISTRICT COURT

---

Kansas. 28 U.S.C. § 1404. However, these arguments have not been raised so the Court has no reason to consider them.